## R. A. HONEA ET AL. *v.* J. R. PAGE.

LANDLORD AND TENANT. *Attachment for rent. Venue.*

    Under Code 1880, sect. 1305, an attachment for rent may be issued by a justice of the peace of a different county from that in which the leased premises are situated.

APPEAL from the Circuit Court of Monroe County.

Hon. J. A. GREEN, Judge.

On November 14, 1881, the appellee made affidavit before a justice of the peace of Monroe County that W. A. Hanly would next day be indebted to him for rent of land in Clay County, and that he had removed his effects. Bond being given, a writ of attachment was issued by the magistrate and levied upon property, which the appellants replevied as innocent purchasers from the absconding tenant. The appellants, who filed their declaration, alleging an unlawful taking, moved after the appellee had avowed the taking under the writ, to quash the attachment, because it was issued by an officer of Monroe County, and the motion was overruled, both in the justice court and in the Circuit Court.

*Murphy, Sykes & Bristow*, for the appellants.

This proceeding is statutory, and the statute must be strictly pursued. *Marye* v. *Dyclos*, 42 Miss. 378; *Patty* v. *Bogle*, 59 Miss. 491. Sect. 1302, Code 1880, provides that the complaint shall be made before a justice of the peace of the county where the leased premises are situated. Sect. 1305, provides for like proceedings where the rent is not due. There is no exception. Exclusive jurisdiction is vested in "any justice of the county where the lands or tenements are situated." He may issue his process to another county. Code 1880, sects. 2192, 2205. This writ is in the nature of final process. *Daxey* v. *White*, 53 Miss. 83. Subsequent legislation is based upon this construction of the statute. Acts 1882, p. 144. In using this extraordinary and oppressive privilege of seizing a tenant's goods, even in the hands of innocent purchasers, the landlord must conform strictly to the requirements of the statute.

*Q. O. Eckford*, for the appellee.

The objection is purely technical, and is ill-founded. Sect. 1305, unlike sect. 1302 of the Code, does not confine the remedy to officers of the county where the land lies. The sections are for different states of case, and each is adapted to

the circumstances in which it is designed to apply. Where the tenant absconds, the landlord may follow him, and he is not compelled to sue out an attachment until he discovers in what quarter of the globe and under what disguises the debtor has concealed his effects. A landlord, who provides his writ before he sets out, may find it directed to the wrong county, or may discover that his remedy is in equity. The subsequent legislation confirms this construction of the statute, and not the other.

CAMPBELL, C. J., delivered the opinion of the court.

The question presented in this case is, whether an attachment for rent, sued out under sect. 1305 of the Code of 1880 was lawfully issued by a justice of the peace of Monroe County, on complaint on oath before him by the landlord, where the leased premises were in Clay County, and we answer this question in the affirmative. Under the Code, before the amending act of March 8, 1882 (Acts, p. 144), in case of attachment, under sects. 1302, 1304, the goods to be attached being on the leased premises, the attachment was to be issued by a justice of the peace of the county where the lands were situated and to be executed by an officer of that county; but where goods were removed and were made subject to seizure wherever found, the landlord was not confined to a justice of the peace of the county where the lands were, but was privileged to make complaint and obtain attachment wherever the goods were found, according to the exigency of his situation. The words, "in like manner," used with respect to the obtaining of attachment by the landlord in sect. 1305, have reference to making complaint under oath before a justice of the peace, and giving bond, and not to territorial limits. This view results from the nature of the case provided for, and the remedy contemplated, which would not be effective, except on the view here taken of it.

No other question was presented in the court below or here by counsel. It was assumed that the cotton having been pro-

duced on the leased premises, the claim of the landlord for rent and supplies was paramount to the right of appellants, although they were *bona fide* purchasers for value, without notice of the lien of the landlord, and this view has just received the sanction of this court.    *Henry* v. *Davis*, *ante*, p. 212.

Judgment affirmed.